UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN NICHOLAS HELBURN,<br><br>                Plaintiff,<br><br>    v.<br><br>AL RAMIREZ and MULTIPLE JOHN AND JANE DOES,<br><br>                Defendants. | Case No. 1:19-cv-00476-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Nathan Nicholas Helburn's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.  **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho Maximum Security Institution. Plaintiff alleges that, in early 2015, unidentified correctional officers used excessive force against him after Plaintiff refused an order to return to his cell. *See* Compl., Dkt. 1, at 2. Plaintiff claims that this conduct violated the Eighth Amendment and, apparently, state criminal statutes. *See id.* (noting legal basis of claim as "[a]ggravated battery and cruel and unusual

punishment").

**4.      Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

*A.      Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-09.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

   i. <u>Plaintiff's § 1983 Claims Are Likely Untimely</u>

Plaintiff's § 1983 claims appear to be barred by the statute of limitations. Federal civil rights actions arising in Idaho are governed by a two-year statute of limitations. Idaho Code § 5-219; *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that state statute of limitation for personal injury actions governs § 1983 actions), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

Although the state statute of limitations governs the time period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*,

25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id*.

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or stopped) for a certain period of time during the deadline period within which he should have filed the lawsuit. Pursuant to the Prison Litigation Reform Act ("PLRA"), the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

In addition to tolling under the PLRA, state tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive

knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id*.

Plaintiff filed the Complaint, at the earliest, on November 27, 2019.[1] Therefore, allowing for a maximum of thirty days to exhaust the prison administrative process, it appears that any claims that arose before October 28, 2017, are time-barred. If Plaintiff files an amended complaint, he must explain why he believes his claims, which arose in early 2015, are not subject to dismissal as untimely.

      ii.      <u>Even if Plaintiff's Claims are Timely, They Are Not Plausible</u>

The only identified Defendant is Warden Al Ramirez.[2] The Complaint does not plausibly allege that Ramirez personally participated in the excessive force or that he is liable as a supervisor. *See Taylor*, 880 F.2d at 1045; *Starr*, 652 F.3d at 1205-09. Therefore,

---

[1] **Error! Main Document Only.**Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date the clerk actually receives it. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions).

[2] The Court cannot effect service on unidentified, or "Doe," defendants.

even if Plaintiff's claims are timely, they are implausible.

### B. Claims of "Aggravated Battery"

In addition to § 1983 claims, Plaintiff purports to assert aggravated battery claims, presumably under Idaho state criminal law. However, although a federal district court may exercise supplemental jurisdiction over state claims where appropriate, *see* 28 U.S.C. § 1367, the Court has no jurisdiction to hear state criminal matters.

Further, the Idaho legislature has not created a private right of action under Idaho Code § 18-907 and 18-908, the state's aggravated battery statutes. In Idaho, to determine whether a private cause of action exists under a criminal statute, a court must analyze the following factors:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

*Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (emphasis omitted) (relying on Restatement (Second) of Torts § 874A).

In *Yoakum*, the Idaho Supreme Court held that there was no private right of action under criminal statutes where those statutes were intended to protect the general public and provided for a criminal punishment, and where there was no indication that the legislature intended to create a private cause of action or that providing an additional civil remedy was necessary to assure the effectiveness of the statutes. *Id.* The same factors exist here with

respect to §§ 18-907 and 18-908. Therefore, "[i]n the absence of strong indicia of a contrary legislative intent," the Court concludes that the Idaho "legislature provided precisely the remedies it considered appropriate." *Id*. (relying on *Middlesex County Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 15 (1981).

Because there is no private right of action under Idaho's aggravated battery statutes, those claims are implausible.

5.     **Standards of Law for Excessive Force Claims**

To aid Plaintiff in drafting an amended complaint, the Court provides the following standards of law that apply to prisoners' Eighth Amendment claims of excessive force.

The Eighth Amendment prohibits prison officials from using excessive force against inmates. Because amendment prohibits only "cruel and unusual" punishment, a use of force against a prisoner amounts to a constitutional violation if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2003). Therefore, a prisoner asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id*.

Not every "malevolent touch" by a prison guard gives rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") "The Eighth

Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks omitted).

## 6. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must show that his claims are timely and must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct

or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment

does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed without further notice.

DATED: March 2, 2020

_____
David C. Nye
Chief U.S. District Court Judge